UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KIM M. WITHERSPOON, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| DELTA AIR LINES, INC., | § § | SA-08-CV-0027 OG |
| Defendant. | § § | |

**REPORT AND RECOMMENDATION**

**TO:** **Hon. Orlando Garcia**
**United States District Judge**

This report and recommendation addresses the dispositive motions pending in this case.[1] I have jurisdiction to enter this report and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a magistrate judge is statutorily constrained.[2] After considering the pending motions, I recommend dismissing this case.

**Nature of the Case**

Plaintiff Kim M. Witherspoon brought this lawsuit under 42 U.S.C. § 2000e and 29 U.S.C. § 623 against her employer—defendant Delta Airlines, Inc.—alleging unlawful discrimination based on race, gender, and age; hostile work environment based on race, gender, and age; and retaliation.[3] Witherspoon maintains that she was constructively discharged in

---

[1]Docket entry #s 7, 22 & 31.

[2]Docket entry # 25.

[3]*See* docket entry # 39.

March 2007, when her mental health deteriorated due to the hostile work environment. Delta moved to dismiss Witherspoon's claims, arguing that the confirmation order entered in Delta's chapter 11 bankruptcy discharged the claims because the conduct Witherspoon complained about occurred prior to the effective date of Delta's reorganization.[4] In response, Witherspoon argued that the discharge does not apply to her claims and asked the court to declare the confirmation order void and unenforceable as to her.[5] Witherspoon twice amended her complaint[6] to address the bankruptcy discharge and to allege disparate-impact claims. Delta filed a second motion to dismiss and asked the court to dismiss the disparate-impact claims as administratively unexhausted.[7] The parties raised numerous arguments about why their motion(s) should be granted and why their opponent's motion(s) should be denied, but this report and recommendation focuses on the central arguments in this dispute.

### Whether the Confirmation Order Discharged Witherspoon's Claims

On April 25, 2007, the U.S. Bankruptcy Court for the Southern District of New York entered an order confirming Delta's joint plan of reorganization under chapter 11 of the Bankruptcy Code.[8] That order contained the following provision:

> 78. <u>Discharge of Claims and Termination of Interests</u>. Except as otherwise specifically provided herein or in the Plan, the rights afforded in the Plan and the payments and distributions to be made hereunder shall discharge all existing debts

---

[4]Docket entry # 7.

[5]Docket entry # 22.

[6]*See* docket entry #s 24 & 39.

[7]Docket entry # 31.

[8]Docket entry # 7, exh. A.

> and Claims, and shall terminate *all Interests of any kind, nature or description whatsoever against or in the Debtors* or any of their assets or properties *to the fullest extent permitted by section 1141 of the Bankruptcy Code*. Except as otherwise specifically provided herein or in the Plan, upon the Effective Date, all existing Claims against the Debtors and Interests in the Debtors shall be, and shall be deemed to be, discharged and terminated, and all holders of claims and Interests (and all representatives, trustees or agents on behalf of each other) shall be precluded and enjoined from asserting against the Reorganized Debtors, their successors or assignees, or any of their assets or properties, any other or further Claim or Interest *based upon any act or omission, transaction or other activity of any kind that occurred prior to the Effective Date*, whether or not such holder has filed Proof of Claim and whether or not the facts or legal bases therefore were known or existed prior to the Effective Date.[9]

The order sets "April 30, 2007" as the effective date.[10] Because Witherspoon complains about conduct that occurred before the effective date, Delta maintains that the discharge provision discharged Witherspoon's claims and enjoins Witherspoon from bringing the claims now. In response, Witherspoon maintains the confirmation order is void and unenforceable as to her because she was denied due process and because her claim includes post-discharge conduct.

The discharge provision uses expansive language that applies to Witherspoon's claims. Under the provision, the confirmation order discharges "all existing . . . Claims, and . . . terminate[s] all Interests of any kind, nature or description whatsoever against or in the Debtors. . . ." Witherspoon's claims constitute claims and interests "of any kind, nature or description" against Delta because Witherspoon alleges that Delta violated federal employment laws and seeks damages in the form of back wages, lost future wages, compensatory damages for future pecuniary losses, medical costs, non-pecuniary losses, punitive damages, attorneys fees, prejudgment interest, and post-judgment interest. In her first charge of discrimination,

---

[9] *Id*. at p. 38 (emphasis added).

[10] *Id*. at p. 1.

3

Witherspoon complained about being placed on a performance improvement plan on January 30, 2007 and being denied a 3% bonus in April 2007.[11]  She identified the discriminatory conduct as having occurred on January 30, 2007.  Because the conduct she complained about occurred before the effective date of the confirmation order—April 30, 2007—the discharge provision applies to claims based on that charge and enjoins Witherspoon from bringing those claims.

The provision also enjoins "all holders of claims and Interests" from asserting against Delta "any other or further Claim or Interest *based upon* any act or omission, transaction or other activity of any kind that occurred prior to the Effective Date."  In a second charge of discrimination, Witherspoon complained that Delta made no attempt to resolve her first charge of discrimination and required her to meet with those she had complained about before returning to work.  She indicated that the discriminatory conduct occurred from July 24, 2007 to December 17, 2007.  Witherspoon's claims based on the second charge are based on the first charge because Witherspoon complained in the second charge that Delta had not acted on her first charge and required her to meet with the people she had complained about in her first charge.  Because the conduct complained about in the first charge occurred prior to the effective date, the discharge provision applies to claims based on the second charge —the conduct that allegedly occurred from July 24, 2007 to December 17, 2007—because the allegations are "*based upon* . . . act[s] or omission[s], transaction[s] or other activity of any kind that occurred prior to the Effective Date." Consequently, the provision enjoins claims based on the second charge of discrimination.

Witherspoon's remaining claims allege disparate impact based on race, gender and age. These claims are barred because Witherspoon did not complain about disparate impact in her

---

[11]Docket entry # 31, exh. A, p. 1.

4

charges of discrimination. Her charges complained only about being placed on a performance improvement plan, denied a 3% bonus, and required to meet with the people she had complained about in her first charge of discrimination. Consequently, the disparate-impact claims are barred for failing to exhaust administrative remedies.

### Whether the Confirmation Order Is Void as to Witherspoon

To avoid the effect of the discharge provision, Witherspoon asked the court to declare the confirmation order void and unenforceable as to her. Witherspoon relied on Rule 60(b) of the Federal Rules of Civil Procedure which permits the court "[o]n motion and just terms" to "relieve a party . . . from a final judgment, order, or proceeding [because] . . . the judgment is void." Witherspoon contended the confirmation order is void and unenforceable as to her because she did not receive adequate notice of Delta's bankruptcy and she did not have a meaningful opportunity to present her claims to the bankruptcy court because the bankruptcy claims-bar date had passed, and the reorganization plan had been submitted to the bankruptcy court, before Delta's unlawful acts began.[12] She also complained that she does not recall receiving the notice of deadline requiring filing of proofs of claim and that her claims are not the type of claims described in the notice of deadline.[13] She maintained the district court has jurisdiction to declare the confirmation order void because her claims bear no relation in law or fact to the bankruptcy and have nothing to do with the execution of Delta's reorganization.

Delta made several arguments about why the court should deny the motion, but Delta's jurisdictional argument is most persuasive. Delta maintains that the "retention of jurisdiction"

---

[12]Docket entry # 22, p. 6.

[13]Docket entry # 35, exh. 5.

provision of the confirmation order confers jurisdiction over Witherspoon's motion to the bankruptcy court. That provision provides as follows:

> In accordance with (and as limited by) Article 16 of the Plan and section 1142 of the Bankruptcy Code, [the bankruptcy court] shall have exclusive jurisdiction of all matters arising out of and related to the Chapter 11 Cases and the Plan pursuant to, and for the purposes of, sections 105(a) and 1142 of the Bankruptcy Code and for, all other things, the following purposes: . . . To hear and determine disputes arising in connection with *interpretation, implementation or enforcement of the Plan, this Confirmation Order*, and transactions or payments contemplated hereby or any agreement, instrument or other document governing or relation to any of the foregoing; . . . [and] to issue such orders as may be necessary to *construe, enforce, implement, execute, and consummate this Plan*.[14]

Witherspoon's motion falls squarely within this language because Witherspoon asks the district court to interpret the confirmation order and to declare the order as unenforceable as to her.

Ordinarily, the district court has broad discretion in determining a Rule 60(b) motion. The only time a court does not have discretion is when an order is void.[15]

> For a judgment to be void under Rule 60(b)(4), it must be determined that the rendering court was powerless to enter it. If found at all, voidness usually arises for lack of subject matter jurisdiction or jurisdiction over the parties. It may also arise if the court's action involves a plain usurpation of power or if the court has acted in a manner inconsistent with due process of law. In the interest of finality, the concept of setting aside a judgment on voidness grounds is narrowly restricted.[16]

---

[14]Docket entry # 7, exh. A, ¶ 92 (emphasis added).

[15]*See Shank/Balfour Beatty v. Int'l Bhd.of Elec. Workers Local 99*, 497 F.3d 83, 94 (1st Cir. 2007); *Carimi v. Royal Carribean Cruise Line*, 959 F.2d 1344, 1345 (5th Cir. 1992); *Bally Export Corp. v. Balicar*, 804 F.2d 398, 400 (7th Cir. 1986); *Jordon v. Gilligan*, 500 F.2d 701, 704 (6th Cir. 1974).

[16]*V. T. A., Inc. v. Airco, In*c., 597 F.2d 220, 224-25 (10th Cir. 1979). *See Jalapeno Property Management v. Dukas*, 265 F.3d 506, 516 (6th Cir. 2001); *United States v. Boch Oldsmobile*, 909 F.2d 657, 661 (1st Cir. 1990); *Carter v. Fenner*, 136 F.3d 1000, 1006 (5th Cir. 1998); *Margoles v. Johns*, 660 F.2d 291, 295 (7th Cir. 1981); *Baumlin & Ernst, Ltd. v. Gemini, Ltd.*, 637 F.2d 238, 241 (4th Cir. 1980).

For the district court to declare the confirmation order void, it must determine that the bankruptcy court was powerless to enter the confirmation order.  Witherspoon has not argued that the bankruptcy court was powerless to enter the confirmation order, but rather that the order is void as applied to her.  She has not argued that the bankruptcy court lacked subject matter jurisdiction over the bankruptcy case or lacked personal jurisdiction over the parties.  She has not argued that the confirmation order involved a plain usurpation of power.  She has not argued that the bankruptcy court acted in a manner inconsistent with due process of law.  Thus, Witherspoon does not question whether the bankruptcy court had power to enter the confirmation order.

In the absence of any question about the bankruptcy court's power to enter the confirmation order, the district court has discretion to deny Witherspoon's motion.  The district court should its exercise discretion and permit the bankruptcy court to decide whether the confirmation order applies to Witherspoon's claims.  The Supreme Court has explained—albeit in a different context—that the bankruptcy court's orders are to be respected "until its decision is reversed for error by orderly review, either by itself or by a higher court. . . ."[17]

### Recommendations

Because the discharge provision of Delta's confirmation order enjoins Witherspoon from bringing claims based on conduct that occurred prior to the effective date of the reorganization plan, I recommend GRANTING Delta's first motion to dismiss (docket entry # 7) and DISMISSING the claims covered by Witherspoon's charges of discrimination.  Because Witherspoon did not complain about disparate impact in her charges of discrimination, I recommend GRANTING Delta's second motion to dismiss (docket entry # 31) and

---

[17]*Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995).

DISMISSING the disparate-impact claims as unexhausted.  Because the confirmation order is not void, I recommend DENYING Witherspoon's motion to declare the order void (docket entry # 22).  If the district court accepts these recommendations, no further action will be required in this case.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties who have entered an appearance, by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[18]  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the magistrate judge.**  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[19]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party,

---

[18] 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

[19] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[20]

**SIGNED** on August 11, 2008.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[20]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).